577 A.2d 933

**Thomas O. HENDRY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MILLER & NORFORD, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 16, 1990.

Decided April 20, 1990.

C. Grainger Bowman, McNees, Wallace & Nurick, for petitioner.

Daniel K. Deardorff, Martson, Deardorff, Williams & Ott, for respondent, Miller & Norford, Inc.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

This is an appeal by Thomas O. Hendry (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming the Referee's decision to grant Miller and Norford's, Inc. (Employer) petition to modify Claimant's benefits to $199.89 per week. The benefits were modified

because of Claimant's failure to apply for positions that were made available to him by Employer's insurance carrier's rehabilitation agent. While not denying that he was physically able to perform the jobs made available, Claimant contends that the positions he failed to apply for were not suitable alternative employment that would justify the reduction in his benefits.

Claimant had been employed in the construction industry since 1938, first as a carpenter, then, from 1955, as a construction supervisor, where he managed and directed general construction. The foreman position did not ordinarily require him to perform actual construction work involving the use of tools of the construction trade. Claimant worked for Employer since 1977 as a foreman on a number of construction projects. On June 4, 1981, while working for Employer, Claimant injured his left shoulder when using a sledge hammer. He subsequently underwent treatment and physical therapy until September, 1982.

Claimant was released by his physician to perform supervisory work, but his treating physician stated that he was "in no way to actively use his left upper extremity" (185a) or to do any "heavy work which involves pounding, carrying, lifting or otherwise using his left arm for manual work." (131a).

Employer's carrier retained a vocational rehabilitation counselor to find Claimant employment. The rehabilitation counselor referred Claimant to 11 jobs. Two of those jobs were in the construction industry which Claimant applied for, but was deemed unsuitable for employment, as they involved skills in other areas of the construction trade. The other remaining jobs were non-construction related, unskilled or semi-skilled minimum wage jobs such as a gas station manager, sales-type jobs, attendant jobs and clerk jobs for which Claimant refused to apply. Claimant did not apply for those positions because he felt that, due to his age, achievement and experience, working in a minimum wage job was not suitable, meaningful employment and would be degrading. (Referee's Finding of Fact 12).

Claimant applied in September of 1983 for a position as a carpentry foreman with Employer. He was not referred to this position by the vocational rehabilitation counselor, but became aware of it through a newspaper advertisement. Employer did not rehire Claimant because it was seeking a "working" foreman and not one that could only perform in a supervisory capacity. (81a).

The Referee and the Board found that the Claimant was obligated to apply for the jobs referred to him by the vocational rehabilitation counselor, and his failure to do so was sufficient to grant Employer's request to modify employment.

Claimant contends that the Board and Referee erred as a matter of law in its application of the Supreme Court's decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). In *Kachinski*, the Supreme Court established a four-prong test, enumerating the conditions that an employer must meet before terminating or modifying benefits:

1. The employer who seeks to modify the claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs) which fits the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on these job referral(s).

4. If the referral fails to result in a job, then claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

Claimant contends that Employer did not meet the second prong of the test because the jobs offered to Claimant, although within Claimant's physical ability to perform, were not in his "pre-injury occupational category" (i.e., construc-

tion or a related field). Consequently, Claimant contends that these alternative jobs were not suitable employment under *Kachinski*. Claimant also contends that the Employer acted in bad faith and is equitably estopped from reducing compensation because of Employer's failure to offer him the position of carpentry foreman. Claimant contends that the carpentry foreman position was a supervisory position as opposed to a working foreman as Employer contends.

Claimant's contention that *Kachinski* requires that the job referrals to a claimant must be suitable, both medically and in the same industry or same status, is simply not supported by that decision. The rationale behind *Kachinski* was to ensure that job referrals were real, in other words, available, and that the person was capable of performing those functions. Merely stating that minimum wage jobs are degrading and result in a loss of self-esteem was never intended by the Supreme Court in *Kachinski* to allow a claimant to refuse alternative employment. As this court has stated, "personal feelings about a particular job are irrelevant if . . . a claimant is physically able to perform the job." *State Products Corp. v. W.C.A.B.*, 61 Pa.Commonwealth Ct. 366, 372, 434 A.2d 207, 210 (1981). Claimant was physically able to perform these jobs; they were available; and he was obligated to apply for them. Claimant's failure to do so justifies modification of benefits. *Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

Claimant also contends that Employer failed to meet the third prong of the *Kachinski* test by not rehiring him for a carpentry foreman's position. Claimant argues that this constitutes bad faith and consequently estops Employer from asserting that there was suitable employment available. Assuming that Employer had an affirmative duty to rehire Claimant, Employer's carpentry foreman position was not for a supervisory but for a working foreman which claimant was physically unable to perform. (81a). Additionally, Employer attempted to offer Claimant a position with the company, albeit at a lower wage, which

was refused.[1] Claimant's contention that for an alternative job to be suitable, it must be in the construction industry and at the same wage as his former position, is simply incorrect.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 20th day of April, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter docketed at A–96089 and dated July 26, 1989, is hereby affirmed.

---

1. Mr. Hendry testified at the hearing (107a):
   He wouldn't talk about the foreman's job. So, finally, he says to me, he says, "I might be able to give you a job, some kind of job around here to keep you busy until you retire.
   
     *   *   *   *   *   *
   
   So, he says, "Well, what would you go to work for me for?" I said, "Well, I will tell you, I won't go to work for you for less than I was making whenever I was hurt."