585 A.2d 604

**Michael JAYNE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KING FIFTH WHEEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 12, 1990.

Decided Jan. 11, 1991.

212

Kurt C. Walsh, Scranton, for petitioner.

Hugh F. Mundy, Dougherty, Mundy, Levanthal & Price, Kingston, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Michael Jayne (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which suspended Claimant's benefits based on a referee's decision that Claimant refused an offer of employment within the medical limitations of his disability.

In the course of his employment with King Fifth Wheel (Employer), Claimant sustained an injury to his back and received workmen's compensation benefits pursuant to a notice of compensation payable. In a letter Claimant received on November 17, 1987, Employer offered Claimant a lab technician position (Position) beginning on November 23,

1987. The letter also stated that the Employer discussed "this position with Dr. John Raftis [Claimant's treating physician], and I recommend you contact the physician if he does not contact you."[1]

Thereafter, Claimant met with Employer's Manager, David B. Hess, who orally described the duties of the Position, and at Claimant's request extended the starting date for the Position to December 1, 1987. Claimant received a second letter on November 20, 1987, which stated that Claimant was "scheduled to return to work in the lab technician capacity on Tuesday, December 1, 1987 [and that] ... [t]his position easily falls within the medical restrictions as set forth by ... Dr. John Raftis."[2]

Claimant asked Employer to send him a written description of the Position so that he could discuss with Raftis whether the position was within his medical limitations. Claimant received the written description at 1:00 p.m., December 1, 1987, six hours after he was to report to work. On that day, Claimant called Employer and was told that the Position was no longer available because he had not reported at the scheduled time.

On January 4, 1988, Employer filed a petition to terminate Claimant's benefits. A hearing was held at which the parties agreed that Raftis' deposition, the only medical evidence, accurately stated Claimant's medical condition. Thereafter, the referee made the following pertinent findings:

3. ... [T]here has been a reduction in the Claimant's work-related disability and that Claimant can return to employment, and that the nature of the employment that Claimant can return to, was in fact available and that that information was communicated to the Claimant.

4. The particular job was that of a lab technician and the requirements of the job are set forth as an Exhibit in this record, and the Doctor went over the particular job,

1. Transcript of testimony, Defendant's [Employer] exhibit # 5.
2. Transcript of testimony, Defendant's [Employer] exhibit # 6.

listing his comments and the Referee is satisfied that the Doctor not only approved the job but equally important the job was available to the Claimant and the Claimant was so advised.

. . . .

6. ... The Referee further finds that the benefits and pay at the job exceeded that which the Claimant previously earned.

Based on these findings, the referee terminated Claimant's benefits. Claimant appealed to the Board, which affirmed the referee's decision.[3]

On appeal to this court,[4] Claimant raises three issues: (1) whether the Position was within Claimant's medical limitations; (2) whether Claimant was sufficiently advised as to the medical suitability of the Position; and (3) whether substantial evidence supports the finding that the compensation for the Position exceeded Claimant's pre-injury compensation.

Our supreme court has established the following framework for the instant type of proceeding:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. Although not germane to the present appeal, the Board modified the referee's decision, concluding that Claimant's benefits should not be terminated but rather suspended.

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

3.  The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.  If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987).

■ As to the first issue, Claimant asserts that the Position required Claimant to work full-time with mandatory overtime. Claimant asserts that his medical limitations prevented him from beginning a job on a full-time basis. Consequently, he asserts that the Position was not within his medical limitations.

Employer argues that when Raftis was supplied with a job description, Raftis conditioned his medical clearance by his statement that "it would certainly facilitate [Claimant's] return to begin at 4–6 hours a day and work up gradually over 3–4 weeks to 8–9 hours a day. This is my only concern."[5] Employer's witness Hess testified that this concern would be met by allowing Claimant a "break-in period." Based on this modification, Employer informed Claimant that he had been medically cleared for the Position. We conclude that this evidence supports the referee's finding that the Position was within Claimant's medical limitations.

■ As to the second issue, an implicit requirement of the second *Kachinski* criterion is that Claimant be apprised of his medical clearance so that he may faithfully pursue any appropriate job referrals. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989).

Claimant asserts that Employer delayed[6] in providing him with a written description of the Position. Claimant

---

5.  Transcript of testimony, Defendant's [Employer] exhibit # 3.

6.  Claimant has misrepresented the record by stating that it is not disputed that Claimant requested the written description on November 17, 1987. Claimant requested the written description from Wil-

argues that he needed the written description to discuss with Raftis whether the Position was within his medical limitations. Claimant contends that by not promptly supplying the written description, Employer failed to satisfy the second *Kachinski* criterion.

Claimant does not dispute that Hess orally described the duties of the Position to him or that he was advised, in the two letters and at the meeting with Hess, that Raftis decided that these duties were within his medical limitations. We conclude that Employer sufficiently described the duties of the Position and advised Claimant that Raftis had given him medical clearance to perform these duties.

■ Claimant also contends that Employer has failed to satisfy the second *Kachinski* criterion because the Employer's offer of the Position was not "a good faith attempt to return the injured employee [Claimant] to productive employment." *Kachinski*, 516 Pa. at 252, 532 A.2d at 380. Claimant contends that Employer's offer lacked good faith because when he called to accept the job, Employer withdrew its offer. Employer gave as its only reason for this withdrawal that Claimant was required to accept the lab job by 7:00 a.m. on December 1, 1987, and did not call to accept the offer until 1:00 p.m. Claimant contends that he delayed in accepting the job until he received the written description by mail at 1:00 p.m. He contends that this delay was reasonable and that, by withdrawing the offer, Employer failed to make a good faith attempt to return him to employment.

The referee found that Employer offered Claimant the Position and that if Claimant had accepted the Position prior to 7:00 a.m. on December 1, 1987, he would have been returned to employment. These findings are supported by the testimony of Employer's witnesses. We conclude that

liam E. Walker, Employer's vocational expert, who testified that the request was made on Friday November 27, 1987 and that the description was mailed on Saturday November 28, 1987. Walker's testimony is the only evidence as to the date of the request. There is no evidence that the delay in Claimant's receipt of the written description was caused by anything other than Claimant's delay in requesting it.

Employer made a genuine and good faith offer to return Claimant to employment.

■ As to the third issue, Claimant contends that the finding that the compensation for the Position exceeded Claimant's previous earnings is not supported by substantial evidence. The only evidence supporting this finding is the testimony of Walker, Employer's vocational expert, who stated that the annual base salary for the Position was $16,500.00, but that with overtime Claimant "would be able to approach additional earnings, and maybe his prior earning capacity." This assertion that Claimant may be able to approach his prior earning capacity, standing alone, does not support this finding.[7]

Employer has met his burden of proving that Claimant's disability has decreased and that he has failed to accept the new Position which was employment available to him. Because Claimant failed to accept the available employment, the most he is entitled to receive is compensation for partial disability, based upon the difference between his pre-injury earning capacity and the earning capacity of the employment he failed to accept. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). Claimant is entitled to benefits to the extent his loss of earning capacity caused by his injury would not have been recovered by the acceptance of the new Position. This is true because the residual loss of earning capacity is attributable solely to Claimant's injury and is therefore compensable under The

7. We note that Claimant received $347 per week in total disability benefits. The notice of compensation payable stated that $347 was the maximum allowable amount, which, under Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511, is 66⅔% of his pre-injury average weekly wage of $520.50. From this pre-injury average wage we can approximate that Claimant's annual pre-injury earning capacity was $27,066. Accepting as true the letter written by Employer's witness Hess, the annual earnings for the new Position would have been $20,000. Transcript of Testimony, Defendant's [Employer] exhibit # 9. Without making findings of fact, which this court is not permitted to do, it is clear that the wages for the new Position were less than Claimant's pre-injury earnings.

Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

However, there are no findings as to Claimant's pre-injury earning capacity or the earning capacity of the new Position. These findings are necessary for us to perform our appellate review, consequently we remand. While we believe the record is scant as to these factual issues, we leave to the Board's discretion whether to take additional evidence on only this limited question. Thereafter, the Board or referee must make findings on only the following three issues: (1) whether Claimant has any residual loss of earning capacity,[8] (2) the extent of any residual loss, (3) and the amount of benefits necessary to compensate any residual loss.

Accordingly, we affirm in part and remand for the Board to take action consistent with this opinion.

BYER, J., concurs in the result only.

## ORDER

AND NOW, January 11, 1991, the order of The Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in part and remanded for the Board to take action consistent with this opinion.

Jurisdiction is relinquished.

---

8. For clarity we reiterate that the residual loss of earning capacity is the amount of Claimant's pre-injury wages minus the amount of wages Claimant could have reasonably received had he accepted the new Position.