615 A.2d 916

Evelyn KOROL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (SEWICKLEY COUNTRY INN), Respondent.

No. 2645 C.D. 1991.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1992.

Decided Sept. 1, 1992.

280

Robert J. Taylor, for petitioner.

Fred C. Trenor and David F. Ryan, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

PELLEGRINI, Judge.

Evelyn Korol (Claimant) appeals from that portion of an order of the Workmen's Compensation Appeal Board (Board) reversing the Referee's decision to reinstate partial benefits effective May 29, 1990. The Board reversed because Claimant failed to apply, without a valid excuse, for a job referral supplied by her Employer, the Sewickley Country Inn, on October 16, 1989, and her obtaining a job did not remedy that failure. We affirm.

Claimant was employed by the Sewickley Country Inn. On June 24, 1988, while working for Employer, Claimant suffered a lumbrosacral strain and received benefits in the amount of $188.50 based on an average weekly wage of $198.41. On January 18, 1990, the Employer filed a Petition for Suspension or Modification, alleging that light-duty work was available to Claimant which she could perform at no loss in wages. The petition included a request for supersedeas. Claimant filed an answer denying that light-duty work was available. The supersedeas' was granted on March 28, 1990.

At the hearing, the Employer offered the medical report of Mary Ann Miknevich, M.D. who examined Claimant for the Employer on June 19, 1989. In the medical report, Dr. Miknevich approved Claimant's return to light-duty work. The Employer also offered the testimony of Linda Brennan (Brennan), a vocational consultant with Options, the company the Employer used to help Claimant find a job within her capabilities. Brennan testified that she had notified Claimant of thirteen positions that were then available, were within her physical limitations, and were within a 25–mile radius from

her home, but that Claimant had failed to apply for any of the positions.[1]

To the contrary, Claimant testified that she had applied for four of the positions but had not been hired, and had valid reasons for not applying for the other nine positions,[2] including the position at Codo for which she did not feel qualified. Based on the evidence presented, the Referee found that Claimant had inexcusably failed to apply only for the position at Codo because the job description sent to her stated that she would be trained if hired.

The Referee further found that because Claimant had returned to work on May 29, 1990, as a bartender for $65 per week, her failure to make a good faith effort to follow through on the Codo job referral ceased.[3] Although the Referee initially determined that the Employer was entitled to a

1. The positions were:

| JOB | EMPLOYER | SALARY/HRS. PER WEEK | DATE NOTIFIED |
|---|---|---|---|
| Clerk | Verna | $4.00/40 | 9/11/89 |
| Food Prep | Marriott | 3.85/40 | 9/18/89 |
| Cashier | Lenscrafter | 4.00/40 | 9/25/89 |
| Receptionist | Cosmopolitan | 3.70/40 | 10/04/89 |
| Customer Rep | Codo | 5.00/40 | 10/16/89 |
| Optical Lab Trainee | Lenscrafter | 4.50/40 | 10/30/89 |
| Cashier | Roth | 4.00/40 | 10/30/89 |
| Customer Serv. | AMCOM | 4.60/40 | 11/02/89 |
| Candy Maker | Barkus | 4.00/40 | 11/06/89 |
| Shipper | Barkus | 4.00/40 | 11/06/89 |
| Baker's Asst. | Barkus | 4.00/40 | 11/06/89 |
| Front Desk | YMCA | 3.80/22 | 11/15/89 |
| Clerical | Wicke's | 5.00/6 hr. shift | 11/27/89 |

2. Claimant testified that she did not apply for the positions at Verna, Lenscrafter, Roth or Barkus because she mistakenly believed that they were not within a 25–mile radius from her home. Claimant also testified that she did not apply for the position at Marriott because her sister worked for the employer and she was aware that Marriott had a policy against hiring relatives.

3. The evidence of record indicates that Claimant's bartender job paid $3.25 per hour for 20 hours per week (not including tips, if any) totalling $72 per week instead of $65 as found by the Referee.

modification of benefits as of October 16, 1989, the date Claimant was notified of the available position at Codo, the Referee also determined that Claimant met her burden of proving that she made a good faith effort to obtain employment when she accepted the bartender position on May 29, 1990, at a loss in wages. As such, she was entitled to a reinstatement of benefits for partial disability in the amount of $88.94 per week as of May 29, 1990, based on the wage loss. Based on the Referee's decision, the Employer filed an appeal with the Board.

The Board affirmed the Referee's decision suspending Claimant's benefits because the Employer had offered her suitable employment to meet the test set forth by our Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987):

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs) which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job, then claimant's benefits should continue.

The Board determined that the Employer had proven that Claimant's medical condition had improved and she was able to perform light-duty work, she had been referred to a then available position within her physical limitations, and she had failed to pursue this position because she did not feel qualified.

The Board, however, reversed that portion of the Referee's decision reinstating Claimant's benefits because she had found a job at a lesser wage. The Board held that Claimant had not proven that the Codo position was unavailable at the time of referral and could not obviate that failure by obtaining other

work. Claimant then filed this appeal, arguing that the Board erred in its decision because the Employer failed to meet the *Kachinski* test, and that she had acted in good faith by obtaining employment on her own as a bartender.

Claimant contends that the job at Codo was not available because she did not feel qualified to perform that job. Claimant testified that the position was for a computer operator and bookkeeper, and she did not know how to run a computer or type. Essentially, Claimant is arguing that the job referral was made in bad faith because she would never be hired as she did not even arguably meet the job requirements. On the contrary, the Codo job description which was sent to Claimant by the vocational counselor not only indicated that the job was for a customer service person who would take orders for office supplies via telephone and mail, and enter the orders into the computer, but the person hired for the position would be given on-the-job training. Because Claimant was not required to have any special education or skills prior to accepting the Codo position, Claimant exhibited bad faith by failing to follow-up on this job referral.[4]

Claimant also contends that the job at Codo was not available because she had applied for four of the jobs referred to her and had not been hired. Because there was no guarantee that she would be hired for the job at Codo, she argues that she was not required to apply for the position. However, in *Kachinski,* our Supreme Court stated, "Though we seem to have almost moved to a point where the employer must produce a job offer, that is not quite true, since the refusal of the employee to pursue a valid job referral can provide a reason for altering benefits." *Kachinski,* 516 Pa. at 252, 532 A.2d at 380. Because failure to receive a job offer does not excuse failure to pursue available job openings, and it is

4. Claimant also alleges that the Board erred in determining that she had been medically cleared to perform the position at Codo. However, the evidence of record indicates that Dr. Miknevich reviewed the job analysis for the Codo position and medically cleared Claimant to perform that job without any modifications. Therefore, Claimant's argument is erroneous.

undisputed that Claimant did not pursue the referral for the job at Codo, Claimant's argument lacks merit.

Claimant contends that the Board erred in denying her partial benefits because she acted in good faith by finding a part-time job on her own as a bartender on May 28, 1990, for 20 hours per week at a rate of $3.25 per hour. This, she argues, cures her failure to seek the Codo job referral. The Employer, however, argues that by failing to follow-up on the Codo job referral and accepting the bartender position, Claimant demonstrated a personal preference and removed herself from being available for a job that would pay her wages equal to or greater than her pre-injury wages. The Employer's position regarding Claimant's acceptance of another job after she failed to follow-up on the Codo job referral implies that 1) a claimant must continue to apply to jobs referred to her by the employer if the job claimant obtains by her own efforts pays less than her pre-injury job, and 2) even if the job is at the same wage level, a claimant's failure to apply for a job referred by the employer suspends all disability payments with no ability to mitigate.

We agree with the Employer that a claimant cannot fail to follow-up on job referrals merely because of a personal preference not to engage in that type of employment. *Hendry v. Workmen's Compensation Appeal Board (Miller & Norford, Inc.)*, 133 Pa. Commonwealth Ct. 28, 577 A.2d 933 (1990). *See also* Torrey, *The Common Law of Partial Disability and Vocational Rehabilitation Under the Pennsylvania Workmen's Compensation Act: Kachinski and the Availability of Work Doctrine*, 30 Duquesne U.L.Rev. 515, 565–567 (1992). However, while a claimant cannot refuse to follow through on a job referral because of a personal preference, that does not mean that an employer can have a personal preference to the type of job that the claimant must take so that the employer can lessen the amount of partial compensation it must pay if the new job is not equal in wages to the pre-injury job wages. Although this search does not excuse a claimant from not following up on her employer's referrals,

nothing in *Kachinski* operates to preclude a claimant from undertaking her own search for employment.

Once employed as a result of her own efforts, a claimant is not required to continue responding to job referrals when the new position's hours are substantially similar to those for which she is medically cleared, and if so cleared, those hours are substantially similar to the number of hours worked on her job or jobs to which she is being referred to by the employer. To hold otherwise would be inconsistent with our holding in *Hendry* that a claimant is required to take a position even if the wages and status are substantially less than those which she previously enjoyed. If that is suitable alternative employment for an employer to offer to a claimant, conversely, a claimant who obtains employment on her own within those parameters has also obtained suitable alternative employment that relieves her of going to employer supplied referrals.

As to whether a claimant automatically forfeits all rights to any partial compensation once she fails to follow up on an employer supplied job referral, we have held that the modification is final and is not restricted to the period for which a permanent position is available. *Jayne v. Workmen's Compensation Appeal Board (King Fifth Wheel)*, 137 Pa. Commonwealth Ct. 211, 585 A.2d 604 (1991); *Holmes v. Workmen's Compensation Appeal Board (Pisani Brothers., Inc.)*, 86 Pa. Commonwealth Ct. 543, 485 A.2d 874 (1984). Similarly, merely because a claimant obtains work does not remedy the failure to follow up on an employer supplied job referral once it becomes evident that the employer no longer believes the claimant is acting in good faith to seek suitable alternative employment. That belief becomes evident when the employer files a petition to suspend or modify benefits as a result of the claimant's failure to follow up on a job referral. Up until that time, the claimant has the opportunity to obtain employment on her own with substantially similar hours as her pre-injury job or hours of jobs to which the employer is referring her, and still continue to receive partial benefits reflecting the difference between her pre-and post-injury wages.

■ In this case, Claimant obtained a job as a bartender for twenty hours per week. The number of hours worked on that job is substantially similar to the twenty-two hours at the YMCA position to which the Employer referred Claimant. However, Claimant did not obtain the bartender position until May 29, 1990, well after the petition to suspend was filed on January 18, 1990, and the supersedeas was granted on March 28, 1990. As such, Claimant failed to exhibit good faith in finding suitable alternative employment.

Consequently, because Claimant failed to follow up on the Codo job referral, the Board properly determined that Claimant was not entitled to the reinstatement of her benefits.[5] Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 1st day of September, 1992, the order of the Workmen's Compensation Appeal Board dated November 8, 1991, No. A90–2770, is affirmed.

5. The Employer also argues that the Referee lacked authority to reinstate Claimant's benefits because she did not file a petition for reinstatement. All that was before the Referee was the Employer's petition for suspension or modification. Because we have determined that the Employer met the *Kachinski* test, we need not address that issue.