PELLEGRINI, Judge,
dissenting.
I respectfully dissent to that portion of the majority’s opinion that holds that the job proffered to the Claimant was not available to him.
*20 Scott Palmer (Claimant) was employed by Roadway Express, Inc. (Employer) as an outbound dock supervisor at its Tannersville, Pennsylvania facility at the time he incurred his injury. When he was hired by Employer, he was informed “Relocation is likely as you are promoted in the Roadway system.” About eighteen months after his injury, Claimant began working as a traveling carpet salesman for a new employer in Charlotte, North Carolina, but at a wage less than he was earning with Employer resulting in the continued payment of partial disability payments. Nonetheless, Employer and Claimant had been in continuous contact about a new position. Employer offered Claimant a position as a dispatcher at its facility in Greenville, South Carolina for which he was medically cleared, and which had a salary at or higher than his pre-injury wage. However, Greenville was 120 miles away from Claimant’s residence in Charlotte. Claimant refused this position and Employer seeks to suspend Claimant’s benefits for not accepting suitable alternative employment.
The majority finds that the proffered job was not available because of its distance from Claimant’s residence and nothing required him to move to Greenville to take this position. While I agree with the majority that normally any position 120 miles from Claimant’s home is usually not available, based on the facts of this case, the location of the position was not an impediment to Claimant taking the position but the type of work offered.
When he first began to work for Employer, he was informed that it was likely that he would have to relocate as he moved through the Roadway system. More importantly, he was willing to relocate anywhere in the Southeast if Roadway would employ him in a sales position.[1] Claimant did not turn down the position because he did not want to relocate, but because it was not a sales position. Just because you do not like a position that is otherwise available is an insufficient reason to turn down an employer’s job offer. Hendry v. Workmen’s Compensation Appeal Board (Miller & Norford, Inc.), 133 Pa.Commonwealth Ct. 28, 577 A2d 933 (1990).
Because when Claimant was employed with Employer he was informed that his position would require him to move and that he would move to the facility in question if the right job was offered, the position was available to him.
Accordingly, I respectfully dissent.

. In Finding of Fact 8, the Referee found that "Claimant indicated some willingness to relocate if he could find a sales position that would increase his salary...."