**Robert BECKETT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KEYSERV GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 15, 1996.

Decided April 15, 1996.

Arthur G. Girton, for Petitioner.

Brian J. Durkin, for Respondent.

Before COLINS, President Judge, and McGINLEY, J., LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal by Robert Beckett from a Workmen's Compensation Appeal Board (Board) order which affirmed a decision of a Workers' Compensation Judge (WCJ) granting the modification petition filed by Keyserv Group (employer).

Beckett, who is now thirty-four years old, received benefits due to an April 19, 1986

work injury to his lower back pursuant to a notice of compensation payable dated May 28, 1986. On or about October 6, 1987, the employer filed a petition to modify Beckett's benefits as of April 7, 1987 due to available employment within his medical restrictions. Beckett's treating physician, Leonard Bruno, M.D., last saw him on August 4, 1987. Dr. Bruno noted that Beckett's condition had improved such that he could undertake gainful employment with certain restrictions. Consistent with the restrictions outlined by Dr. Bruno, seven positions were located for Beckett, all of which the doctor approved.

Beckett failed to apply for any of these suitable, available positions. He testified that he was already working as a real estate agent and was going to college at the time the jobs were offered to him. Beckett earned fifteen hundred dollars ($1500.00) from the real estate job in 1987.

In a June 20, 1990 decision, the WCJ found Dr. Bruno's testimony convincing as to Beckett's ability to perform the seven jobs. However, the WCJ also found that Beckett failed to apply for the jobs because he already had secured other employment in good faith. The employer appealed, alleging the WCJ erred in denying its modification petition in part. Beckett cross-appealed, alleging the WCJ erred in calculating his average weekly wage and compensation rate.

In a June 15, 1992 decision, the Board reversed, deciding Beckett had not acted in good faith. The Board remanded the case to the WCJ for a calculation of Beckett's average weekly wage and modified compensation rate. Beckett then filed a review petition here, which petition we quashed as interlocutory. On remand, in a December 20, 1993 decision, the WCJ found that, pursuant to the Board's decision, Beckett had not made a good faith effort to pursue the employer's job referrals. The WCJ ordered the employer to pay Beckett benefits at various declining rates from April 20, 1986 through April 7, 1987 into the indefinite future, less a credit for compensation it had already paid him.

The WCJ also denied a penalty petition that Beckett had filed.

Thereafter, Beckett appealed the WCJ's determination that he had not acted in good faith in failing to pursue the job referrals. He also appealed the WCJ's calculation of his average weekly wage and modified compensation rate, although he did not appeal the denial of the penalty petition. In an August 31, 1995 decision, the Board affirmed the WCJ's determination. Specifically, the Board reaffirmed that Beckett did not make a good faith effort to follow through on available employment deemed suitable by his treating physician. This appeal followed.

■ We are now faced with the sole question of whether Beckett's failure to follow through on the job referrals was in good faith, where he had already accepted a job as a real estate agent and trained for that position.[1] In support of his contention that he acted in good faith, Beckett relies primarily upon *Korol v. Workmen's Compensation Appeal Board (Sewickley Country Inn)*, 150 Pa.Cmwlth. 279, 615 A.2d 916 (1992), contending that *Korol* holds "a claimant is not required to continue to pursue defendant's job referrals when that claimant finds a job on his own during that job referral process." (Petitioner's brief, p. 9).

■ Although there is certainly language in that case which supports Beckett's argument, the actual holding of *Korol* is that the claimant therein failed to exhibit good faith, since she did not obtain a job until well after the employer's modification petition was filed. Furthermore, we clarified:

Once employed as a result of her own efforts, a claimant is not required to continue responding to job referrals when the new position's hours are substantially similar to those for which she is medically cleared, and if so cleared, those hours are substantially similar to the number of

---

1. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

hours worked on her job or jobs to which she is being referred to by the employer. *Id.* at 919.

■ Now, however, we also decide that the modified job a claimant has found on his or her own must be substantially similar in *earnings* to the jobs referred. Otherwise, an employer may suffer a financial detriment because a partially disabled claimant who, admittedly, may prefer the lower paying employment does not receive wages equal to or nearly equal to his time-of-injury job. Such a circumstance was not embraced or ever contemplated by the inherent humanitarian purposes of the Workers' Compensation Act,[2] which act was designed to alleviate the *economic* burdens caused by a claimant's loss of earning power.

Here, Beckett testified in part:

Q. The reason why you didn't go to any of these interviews was—

A. I was working; I had already chosen what I wanted to do.

Q. But you weren't earning any income from that position—

A. I was losing money, but I was trying.

(Notes of Testimony (N.T.), Testimony of Robert Beckett, Hearing of April 6, 1989, pp. 24–25). Although Beckett also testified he has been a full-time college student since 1987 (N.T., Testimony of Robert Beckett, Hearing of 4/6/89, pp. 5–7), this student status does not form a basis for his appeal. (*See* Petitioner's Statement of Questions Involved, Petitioner's brief, p. 3).

Even so, Beckett does rely on *Burgess v. Workmen's Compensation Appeal Board (Plaza Foods)*, 149 Pa.Cmwlth. 13, 612 A.2d 542 (1992), *appeal denied*, 533 Pa. 613, 618 A.2d 403 (1992), *recons. denied* (Dec. 29, 1992) to support his position in this matter. Nevertheless, that case is inapposite, where, unlike Beckett, Burgess undertook vocational

retraining only because of her work-related injury,[3] and she followed through and applied for the employer-referred job, which would not accommodate her retraining schedule. As the employer notes, the issue here is whether Beckett acted in good faith, not whether the referred jobs were actually available, as in *Burgess*.

■ Because both an employer and a claimant are responsible to allay the financial burdens of a work-related disability where a claimant can return to some type of work, we will affirm the Board's decision in this case.

### ORDER

AND NOW, this 15th day of April, 1996, the order of the Workmen's Compensation Appeal Board, No. A94–0114, dated August 31, 1995, is hereby affirmed.

---

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4.

**3.** Beckett stated in this regard:
> Q. You were taking classes for real estate while you were working your job at Keyserv; but before you were injured, is that what you are saying?
> A. Yes.

Q. Was it your intention then to go into the real estate business even before your injury?
A. I figured it couldn't hurt. I had taken the classes; but you had to get the license in order to work for anybody.
(N.T., Hearing of 4/6/89, Testimony of Robert Beckett, p. 12).