519 A.2d 1077

D. P. "Herk" Zimmerman, Jr., Inc. and Federal Kemper Insurance Co., Petitioners *v.* Workmen's Compensation Appeal Board, (Himes) (Prudential Insurance Company), Respondents.

Submitted on briefs October 7, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*David M. McCloskey, Will, Keisling, Ganassi &
McCloskey,* for petitioners.

*James R. Huff, II, Sullivan, Forr & Stokan,* for respondent, Michael A. Himes.

*Lawrence J. Baldasare, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondent, Prudential Insurance Company.

OPINION BY SENIOR JUDGE KALISH, January 8, 1987:

Employer, D. P. "Herk" Zimmerman, Jr., Inc. (Zimmerman) and its insurance carrier, Federal Kemper Insurance Co. (Kemper), appeal the decision of the Workmen's Compensation Appeal Board (Board) which reinstated workmen's compensation benefits to the claimant, Michael A. Himes. Petitioners, Zimmerman and Kemper, also contest the Board's award to the no-fault insurance carrier and intervenor, Prudential Insurance Company (Prudential), of a $5,128.55 reimbursement for no-fault work loss and medical payments on and after June 14, 1983. In addition, petitioners contend that claimant is not entitled to attorney's fees and costs. We affirm the reinstatement of compensation for total disability and the reimbursement for no-fault pay-

ments to Prudential. We will not consider claimant's claim for attorney's fees as it was not raised below and is therefore waived.

Claimant worked for Zimmerman as a laborer. On June 3, 1980, he suffered a low back injury in a work-related accident for which he received total disability. On October 11, 1980, he was involved in a nonwork-related automobile accident in which he reinjured his low back, as well as injuring the cervical area, for which he received treatment. On November 1, 1980, following a hearing, claimant's compensation was terminated. In April 1982, he underwent surgery involving a decompression laminectomy for spinal stenosis. In September 1982, claimant stated that he no longer suffered pain in his upper back, but he continued to have pain in his low back and right leg.

On July 12, 1982, claimant filed the present petition for reinstatement of compensation for total disability due to his original work-related injury of June 3, 1980. Meanwhile, although experiencing discomfort, he started to work in October 1982 as a carpenter for another employer, but stopped in April 1983 because his legs began to collapse and he could no longer perform his duties. In June 1983, he was hospitalized.

After claimant's work benefits were terminated, he received from Prudential Insurance Co. a total of $15,000 in work loss benefits as a result of the nonwork-related automobile accident, pursuant to section 106 of the Pennsylvania No-Fault Motor Vehicle Insurance Act (Act) of July 19, 1974, *as amended,* formerly 40 P.S. §1009.106, repealed by Act of February 12, 1984, P.L. 26, No. 11. He also received a total of $11,946.65 for medical bills, plus a $25,000 settlement from the carrier for negligent third party conduct. At the hearing, Prudential submitted evidence of the no-fault payments.

The Board affirmed the referee's decision which reinstated total disability compensation for claimant's

original June 3, 1980 injury. It was determined on June 14, 1983 that claimant could not perform his job due to his low back problem which was directly related to his original work injury of June 3, 1980. It was also determined that claimant's upper back condition, due to the automobile accident of October 11, 1980, was healed. The referee therefore awarded a $5,128.55 reimbursement to Prudential for no-fault work loss and medical payments made on or after June 14, 1983. The reimbursement was not attributable to the nonwork-related accident of October 11, 1980, but rather to the recurrence, on June 14, 1983, of the original work-related injury.

Claimant contends that his work-related injury of June 3, 1980 had increased and/or recurred subsequent to termination of compensation on November 1, 1980. He further contends that he is entitled to costs, attorney's fees, and all expenses incurred subsequent to the referee's decision of December 5, 1984, because the contest of the proceedings since that decision is without a reasonable basis.

Petitioners contend that claimant is not entitled to benefits since he is not disabled as a result of a work-related injury, but rather his injury is the result of spinal stenosis or the result of the nonwork-related automobile accident. Petitioners further contend that claimant is not entitled to reinstatement of his total disability compensation for the work-related injury of June 3, 1980, because he did not meet his burden of proof.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

An injured employee seeking reinstatement of his benefits has the burden of showing a causal connection between his current condition and the prior work-related injury. To meet this burden, the claimant must show that his physical condition changed in some manner. Since there had been a prior termination of benefits, in order to prevent relitigation claimant must, in addition, show that there has been an increase or recurrence of the disability after the date of the prior award. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

Two physicians, both of whom had treated claimant over a period of time, testified that his present low back pains and his inability to return to work were a recurrence of his original injury. One physician testified that the pain had actually increased in intensity. Claimant himself testified that his low back pains, due to his original work-related injury, were continually increasing and his condition was getting worse. The latest hospital report indicates a worsening of his back condition.

The medical witness for petitioners took a history from claimant and examined him but once, for litigation purposes only, and relied on records supplied to him by his insurer. He did not have the records of the treating physicians. While he opined that claimant was disabled, he felt that it was not due to the original accident.

In making his findings, the referee determines the credibility of the witnesses and the weight, the persuasive quality, of their testimony. Where based on substantial evidence, the findings are binding and conclusive. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981). Furthermore, greater credence may be given to the testimony of a treating physician than to a physician who examines simply to testify for litigation purposes.

*Russell v. Scott Paper Co.*, 140 Pa. Superior Ct. 84, 13 A.2d 81 (1940). Here, the referee gave greater credence to claimant's treating physicians, and his findings were based on substantial evidence in the record.

Section 106 of the Act provides that an obligor is entitled to reimbursement from a claimant who receives payments which were supplied, and to which the claimant was not entitled. Prudential is entitled to reimbursement for no-fault work loss and medical payments made on or after June 14, 1983, under this section of the Act.

Accordingly, we affirm the reinstatement of compensation and the reimbursement for no-fault payments.

### ORDER

Now, January 8, 1987, the order of the Workmen's Compensation Appeal Board, Docket No. A-89422, dated July 1, 1985, is affirmed.