605 A.2d 450

**AMETEK–THERMOX INSTRUMENTS DIVISION, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PIEPER), Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided March 10, 1992.

---

---

Pamela G. Cochenhour, for petitioner.

Lou Alvin, for respondents.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

The instant case is before us on remand from the Pennsylvania Supreme Court. *See Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990). The relevant facts are as follows. Mark J. Pieper (Claimant) suffered a work-related back injury on October 8, 1982 for which he was paid workmen's compensation benefits by Ametek–Thermox Instruments Division (Employer) pursuant to a notice of compensation payable. On April 11, 1983 he returned to work and signed a final receipt. Eleven days later he suffered a recurrence and benefits were reinstated by a supplemental agreement. On May 31, 1983 Claimant returned to work on a part-time basis and received partial disability benefits. On June 20, 1983 he returned to full-time employment at his pre-injury job and on June 21, 1983 his benefits were terminated by supplemental agreement. Two days later he was laid off. When he was laid off he continued to experience back pain. On September 18, 1984 he filed a reinstatement petition alleging a change in condition as of January 25, 1984. A referee determined that Claimant was totally and permanently disabled and reinstated benefits as of March 9, 1984 (the date one of Claimant's treating physicians first examined him) subject to periods of credit granted to Employer due to part-time work Claimant had done as a bartender. Employer appealed and the Workmen's Compensation Appeal Board (Board) affirmed. Appeal to this Court followed.

On appeal we reversed in an unreported opinion.[1] We opined that because Claimant had signed a supplemental agreement terminating his benefits on June 21, 1983 he was required, in the context of his reinstatement petition, to prove that his present disability was causally related to his work injury of October 1982. Such medical evidence did not appear in the record. Claimant appealed to the Supreme Court. While that Court agreed with our statements of law, it disagreed that causation needed to be demonstrated by Claimant in this case. It premised its reasoning on the absence from the record of the June 23, 1983 supplemental agreement by which Claimant's benefits had been terminated. Of record, however, was Claimant's reinstatement petition where, by means of an "x," he had marked the block "terminated" to describe from what status he sought reinstatement. With regard to this form the Supreme Court stated:

> Pieper's perhaps inartful use of the descriptive word "terminated" in his petition for reinstatement obviously does not, and cannot, supplant the necessity for a legal determination of whether Pieper's benefits were "terminated" rather than "suspended", and whether the liability of Ametek was or was not "terminated", as those terms of art are used, not in ordinary discourse, but under the applicable provisions of the Pennsylvania Workmen's Compensation Act.[2]
>
> . . . .
>
> [The] determination by the Commonwealth Court that the "termination of benefits" standard was applicable was improperly based upon an assumption that a supplemental agreement dated June 21, 1983 terminated the "liability" of Ametek. We simply cannot and will not assume, as did the Commonwealth Court, that a supplemental agreement terminated the liability of the employer

1. *Ametek–Thermox Instruments Division v. Workmen's Compensation Appeal Board (Pieper)*, No. 1413 C.D.1987, filed September 23, 1988.
2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1023 (Act).

where a final receipt was not signed by the employee, where the controlling supplemental agreement was not submitted into evidence, and where there is evidence of record that Pieper's disability had not, in fact, terminated when the supplemental agreement was executed.

*Pieper*, 526 Pa. at 35–36, 584 A.2d at 306.

It must first be understood that the question of whether Claimant's benefits were terminated or suspended is an important one. For, as both the Supreme Court and this Court recognized, a claimant seeking reinstatement of benefits which are suspended need only establish that his disability continued,[3] while a claimant seeking reinstatement of benefits which are terminated must demonstrate a causal connection between the prior work-related injury and the present disability.[4]

While we are bound by the Supreme Court's holding that the status quo prior to the filing of the reinstatement petition in this case was not that of a claimant whose benefits had been terminated but rather that of a claimant whose benefits had been suspended, we shall take this opportunity to explain the basis for this Court's initial conclusion that benefits had been terminated. We had not explained our basis for this conclusion in our original opinion because Claimant's status immediately prior to the filing of the reinstatement petition had not been contested before this Court. Rather, this issue was apparently raised by the Supreme Court *sua sponte.* With regard to our conclusion that Claimant's benefits had been terminated we note the following:

> (1) The reinstatement petition not only has the block marked "terminated" checked, but indicates in the same typescript as the "x" the entry of counsel for claimant

---

3. *See e.g., Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa.Commonwealth Ct. 204, 489 A.2d 284 (1985).

4. *See, e.g., D.P. "Herk" Zimmerman, Jr., Inc. v. Workmen's Compensation Appeal Board (Himes),* 103 Pa.Commonwealth Ct. 68, 519 A.2d 1077 (1987).

along with that individual's signature.[5]

(2) The referee made an explicit finding that Claimant "returned to full duty on June 20, 1983 and disability benefits were terminated by supplemental agreement dated June 21, 1983."

(3) In Employer's brief filed in this Court Employer indicated (pp. 5, 10, 13, and 25) that Claimant's benefits were terminated by supplemental agreement dated June 21, 1983.

(4) In Claimant's response brief filed in this Court by legal counsel currently representing Claimant the allegation in Employer's brief that Claimant's benefits were terminated was not disputed. In addition, in his own brief Claimant twice *ADMITTED* (pp. 9, 11) that his benefits had been terminated on June 21, 1983.

(5) If Claimant believed that his supplemental agreement of June 21, 1983 was incorrectly entered into (because his disability had not in fact terminated) his remedy was to file a petition to review pursuant to Section 413 of the Act, 77 P.S. § 771.

(6) Nothing in the Act mandates that a termination can be effected only by a final receipt; the statute is to the contrary.

Section 408 of the Act, 77 P.S. § 732, provides:

*All notices of compensation payable and agreements for compensation may be* modified, suspended, reinstated, or *terminated at any time by an agreement or supplemental agreement* as the case may be with notice to the department, if the incapacity of an injured employee has increased, decreased, recurred, or temporarily or finally terminated, or if the status of any dependent has changed. (Emphasis added.)

Finally, we wish to express that we share in the frustration obviously experienced by our Supreme Court in this case due to the lack of a pertinent supplemental agreement appearing in the record. It has been the experience of this

---

5. We observe that the attorney representing Claimant at that time was not the attorney representing him now.

Court in the numerous cases it reviews that underlying supplemental agreements are often *not* made part of the record and we would urge the Board and the referee that at a bare minimum the supplemental agreement which immediately predates the petition which has generated the litigation should be included in the record.

Having set forth our view on these matters, we now move to the issue we are directed to consider pursuant to our Supreme Court's remand order.[6] That issue is whether the referee properly allowed Employer a future credit for part-time work done by Claimant or whether, instead, the referee should have granted Claimant only partial disability benefits because he admitted to having worked, at least for some period of time.

■■■ In order for Employer to prove Claimant was entitled only to partial disability benefits it needed to demonstrate job availability. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). While Claimant did allude to certain part-time work he had done, the burden was on Employer to demonstrate that that work was suitable and that it continued to exist. *Id.* Since Employer presented no evidence at all in response to Claimant's case it has not met its burden as a matter of law. Therefore, we hold that the referee properly granted Employer only a credit. This, of course, does not preclude Employer from filing a petition for modification at some future time.

■■■ One last issue needs to be addressed. Claimant has now filed with this Court a motion for sanctions because

6. We disagree with Employer that the Supreme Court's remand was so broad as to allow a further remand to the Board for it to augment the record by including the supplemental agreement. The Supreme Court's remand order stated: "[S]ince the Commonwealth Court did not reach the remaining issue raised by Ametek concerning whether the Referee and the Board erred in awarding total disability benefits to Pieper with only a credit to Ametek for part-time work performed by Pieper, we remand to the Commonwealth Court for consideration of that question." *Pieper*, 526 Pa. at 40, 584 A.2d at 308. Thus, only the single issue of credit is presently before us.

benefits have not been reinstated despite the Supreme Court's reversal of our decision. Employer counters that the issue of credit versus partial disability is still on remand before this Court and, hence, that the amount due Claimant cannot yet be calculated. Claimant seeks penalties for alleged violations of the Act and unreasonable delay, *see* Section 435 of the Act, 77 P.S. § 991.[7] Claimant also seeks to have Employer's self-insured status revoked by the Secretary of Labor and Industry. *See* Section 441 of the Act, 77 P.S. § 997[8] (providing the Secretary with authority to suspend or revoke one's self-insured status if that employer "repeatedly or reasonably fails to pay promptly compensation for which it is liable ...").

We have observed in the past that no penalty may be imposed until notice and a hearing are provided. *Brasco v. Workmen's Compensation Appeal Board (Gee Bee Furniture)*, 118 Pa.Commonwealth Ct. 564, 546 A.2d 717 (1988). In this particular instance, however, no remand for a hearing on penalties is needed because we hold that as a matter of law there is no violation of the substantive provisions of the Act relied upon by Claimant because this case has been remanded to this Court for a legal determination on an issue which concerns the amount of compensation to be paid.

Based upon the foregoing discussion, we affirm the Board's grant of credit in this case and deny the motion for sanctions.

## ORDER

NOW, March 10, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed. This case is remanded to the Board so that it may calculate the amount of credit to which Employer is

7. This Section was added by Section 3 of the Act of February 8, 1972, P.L. 25.

8. This Section was added by Section 3 of the Act of February 8, 1972, P.L. 25.

entitled. It is further ordered that Claimant's motion for sanctions is denied.

Jurisdiction relinquished.