# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Pennsylvania State University   :
and The PMA Insurance Group,   :
               Petitioners   :
  :
           v.   :   No. 961 C.D. 2015
  :   SUBMITTED: October 9, 2015
Workers' Compensation Appeal   :
Board (Hockenbury),   :
            Respondent   :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE LEADBETTER                   FILED: January 8, 2016

        Employer, the Pennsylvania State University and the PMA Insurance Group, petition for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of a Workers' Compensation Judge (WCJ) that, in relevant part, dismissed Employer's September 2012 petition for modification or suspension of the workers' compensation benefits of Claimant Betty Hockenbury. We affirm.

        In pertinent part, the WCJ found the following facts. In November 1987, when she was approximately thirty-six years old, Claimant sustained a work-related back injury as a result of lifting and handling a thirty-pound mail tub while

employed as a library clerk for Employer. In February 1988, Employer issued a notice of compensation payable describing the injury as a back strain and, accordingly, Claimant received weekly compensation benefits in the amount of $213.21, based on an average weekly wage of $319.81.[1] Claimant's first of seven back surgeries was in February 1988, with the most recent one occurring in July 2012. After each surgery, she enjoyed only short-lived relief. She has treated with narcotics and other medications for many years and did not sustain an intervening injury until January 2007, when she fell in her driveway. Her current medications include Vicodin, Fentanyl patch, Celebrex, Cymbalta and Prilosec. WCJ's April 24, 2014 Decision, Finding of Fact (F.F.) No. 13.

In March 2011, Employer issued a notice of ability to return to work based on the January 2011 independent medical examination (IME) of board-certified orthopedic surgeon Jon A. Levy, M.D., indicating that Claimant was capable of performing part-time sedentary employment. Subsequently, Employer filed a petition to modify or suspend Claimant's benefits in September 2012, alleging that she had voluntarily withdrawn from the workforce despite an ability to work. In support, Employer relied on Dr. Levy's IME report and a September 2011 vocational assessment report and job referral listing of numerous jobs to which she allegedly failed to respond in good faith. Claimant filed a timely answer denying the allegations.

In November 2012, Employer issued a second notice of ability to return to work, this time based on the October 2012 IME of Jonathan L. Costa, M.D., board-certified in physical medicine and rehabilitation. Dr. Costa concluded

---

[1] Pursuant to the most recent supplemental agreement, total disability benefits were reinstated effective February 6, 1991. Board's May 28, 2015 Decision at 1.

2

that Claimant could return to work on a trial basis at a sedentary level for eight hours per day, five days per week.

In support of its petition to modify or suspend benefits, Employer presented the deposition testimony of Drs. Levy and Costa. It also presented the deposition testimony of Jessica Perlozzo, a physical therapist, and Teri Soyster, a vocational counselor. Ms. Perlozzo conducted a November 2012 functional capacity evaluation (FCE) of Claimant to determine whether she could perform a sedentary or light-duty job. Although Ms. Perlozzo testified that Claimant passed only six of the fifteen tests comprising the FCE, thereby warranting invalidating the profile, she nonetheless testified that the FCE indicated that Claimant was unable to perform at a sedentary physical level.[2] *Id.*, No. 37. Ms. Soyster conducted an earning power assessment of Claimant and referred her to various positions based on Dr. Levy's IME. The WCJ rejected the testimony of Drs. Levy and Costa. In addition, although he found Ms. Soyster's testimony to be credible,

---

[2] By way of background, the objective measurements of the FCE assess the validity or invalidity of the profile. In order for it to be valid, greater than seventy-five percent of the objective measurements must be valid. F.F. No. 31. Regarding the invalidity of Claimant's profile, the WCJ found as follows:

> 38. . . . Part of the validity testing included Waddell testing in which the Claimant gave a positive response to two out of five of the tests. The two tests the Claimant did not perform at a satisfactory level were that her strength did not exhibit what the tester expected and her mobility was not what the tester expected. Ms. Perlozzo did state [that] the two out of five finding on Waddell testing indicates the Waddell finding itself is *not* positive for symptom magnification.

> 39. On cross-examination, Ms. Perlozzo testified she would not expect there to be a positive Waddell finding even after the number of invalid profile indications during the [FCE].

F.F. Nos. 38 and 39 (emphasis added).

he rejected her testimony regarding job development in that it was dependent upon Dr. Levy's opinions. *Id.*, No. 85. As for Ms. Perlozzo, the WCJ ultimately interpreted her testimony in Claimant's favor, as explained more fully below.

In opposition to Employer's petition, Claimant testified as to her continuing pain and limitations. She also presented the deposition testimony of one of her treating physicians, board-certified orthopedic surgeon Gregory M. Bailey, D.O. Dr. Bailey opined that Claimant would not be able to perform sedentary tasks. The WCJ credited their testimony that Claimant could not perform even part-time sedentary work, notwithstanding the fact that she had failed several of the validity criteria of the FCE. *Id.*, Nos. 84 and 86. Regarding the FCE, the WCJ found that the relevant issue is whether it is valid with regard to Claimant's limitations. *Id.*, No. 84. In that regard, he found that the testimony of Dr. Bailey and Ms. Perlozzo demonstrated that the FCE does not support a finding that Claimant is capable of any level of work. *Id.* In addition, he found that, although Ms. Perlozzo stopped short of opining that Claimant could not perform at a greater capacity than she demonstrated during the FCE, Ms. Perlozzo apparently agreed with Dr. Bailey's opinion that Claimant could not do so. *Id.*, No. 86. Accordingly, the WCJ dismissed Employer's petition. The Board affirmed and Employer's petition for review followed.

An employer seeking a modification of benefits pursuant to Section 413 of the Workers' Compensation Act (Act)[3] based on a change in medical condition must present medical evidence of a change in the claimant's physical condition that correspondingly establishes a change in his or her disability. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830, 841 (Pa.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

4

2013). Under the Act, disability is commensurate with loss of earning power caused by the work injury. *Id*. Accordingly, where modification based upon earning capacity is sought,[4] an employer must establish "the claimant's ability to engage in existing 'substantial gainful employment' within his or her physical, medical, and vocational restrictions or skills . . . ." *Id*. at 842.[5]

In the present case, Employer contends that the WCJ capriciously disregarded evidence and/or misstated the record and that his decision is neither reasoned nor supported by substantial, competent evidence. In support, it maintains that because all of the medical witnesses, including Dr. Bailey, testified that Claimant could attempt the referred jobs on a part-time basis, suspension or modification of benefits was warranted. In view of Employer's arguments, we will briefly outline the evidentiary principles at issue.

A capricious disregard of evidence "occurs only when the fact-finder deliberately ignores relevant, competent evidence." *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 144 (Pa. Cmwlth. 2004).

---

[4] Regarding any reference to *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 532 A.2d 374 (Pa. 1987), we note that the standards espoused therein are inapplicable to cases where an employer seeks to modify benefits on the basis of earning power. The *Kachinski* criteria remain viable only in cases where modification is sought based on an offer of a specific job with the employer. *CRST v. Workers' Comp. Appeal Bd. (Boyles)*, 929 A.2d 703, 706 (Pa. Cmwlth. 2007).

[5] Regarding potential gainful employment, an employer must present expert opinion evidence which includes job listings with private employment agencies, job listings with agencies of the Department, and job advertisements in the claimant's usual employment area. Section 306(b)(2) of the Act, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 512(2); *Phoenixville Hosp.*, 81 A.3d at 842. Consistent with the Act's humanitarian purpose, the evidence required to modify "a claimant's benefits must rest upon the existence of meaningful employment opportunities, and not the simple identification of jobs found in want ads or employment listings." *Id*. at 842-43. In other words, the jobs must be open and potentially available to the claimant. *Id*. at 843.

The reasoned-decision requirement provides that a WCJ shall file a "reasoned decision, containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." Section 422(a) of the Act.[6] A WCJ need not, however, specifically evaluate every line of testimony offered to render a reasoned decision as long as he makes the crucial findings and gives reasons for his decision. *Patton v. Workers' Comp. Appeal Bd. (Lane Enters., Inc.)*, 958 A.2d 1126, 1137 (Pa. Cmwlth. 2008). Ultimately, a decision is reasoned if it allows for adequate review by the Board and this Court under applicable standards of review without further elucidation. *Visteon Sys. v. Workers' Comp. Appeal Bd. (Steglik)*, 938 A.2d 547, 553 (Pa. Cmwlth. 2007). In addition, notwithstanding the reasoned-decision requirement, it remains within the purview of the WCJ as the final arbiter of evidence to determine the weight to be accorded evidence. *Roccuzzo v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 721 A.2d 1171, 1175 (Pa. Cmwlth. 1998).

Regarding the requisite evidence to support a decision, "[s]ubstantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *McCabe v. Workers' Comp. Appeal Bd. (Dep't of Revenue)*, 806 A.2d 512, 515 (Pa. Cmwlth. 2002). In conducting a substantial evidence analysis, we must view the evidence in the light most favorable to the party who prevailed below and draw all reasonable inferences deducible therefrom in favor of that party. *Id.* Where both parties have presented evidence, it is irrelevant whether there is evidence of record which supports a fact-finding contrary to those made by the WCJ. The relevant inquiry is whether there is any

---

[6] 77 P.S. § 834.

evidence to support the WCJ's finding. *Id.* In that regard, the WCJ has complete authority over questions of credibility, conflicting medical evidence and evidentiary weight. *Id.* In addition, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including a medical witness. *Williams*, 862 A.2d at 144.

As an initial matter, we reject Employer's attempt to augment its arguments with the opinions of any of the physicians whose testimony the WCJ rejected. As the final arbiter of evidence, the WCJ's consideration and rejection of the testimony of Drs. Levy and Costa did not constitute a capricious disregard of evidence. In that regard, the WCJ's eighty-six detailed fact-findings are indicative of the fact that he carefully considered all of the evidence and did not deliberately ignore relevant, competent evidence. *Williams*.

Furthermore, regarding the reasoned-decision requirement, the WCJ thoroughly elucidated his reasons for finding Dr. Bailey's opinion more credible than those of Drs. Levy and Costa. In that regard, the WCJ found as follows:

> Dr. Bailey has treated the Claimant for ten years and has performed three [of her seven] surgeries. Her spine is fused from S1 up to L1 or T12. Dr. Bailey's opinion that he would not release [her] to perform any level of work is consistent with his regular observation of her limitations, the regular history he takes from her at each visit and the result of the [FCE].[7]

F.F. No. 86 (footnote added). Where, as here, the WCJ's decision and reasoning reflect that he reviewed the evidence of record and his credibility determination as

---

[7] We reject Employer's contention that the invalid FCE should have precluded benefits. The results of an FCE are open to medical interpretation and the opinion of a medical expert may depart from those results, in whole or in part. Here, the WCJ determined that both the physical therapist who conducted the FCE and Claimant's surgeon opined that Claimant could not perform at a greater capacity than demonstrated during the FCE.

7

between competing physicians was based on Claimant's expert's having greater familiarity and experience with her,[8] the test for a reasoned decision is met. *PEC Contracting Eng'rs v. Workers' Comp. Appeal Bd. (Hutchison)*, 717 A.2d 1086, 1089 (Pa. Cmwlth. 1998). Accordingly, we turn to Employer's specific arguments regarding Dr. Bailey, whose testimony the WCJ accepted as credible.

In support of its position that Dr. Bailey's testimony warranted the suspension or modification of Claimant's benefits, Employer cites those portions of his testimony indicating that she "could try," "attempt" and "would tolerate" part-time sedentary work and that doing so would not risk further injury to her spine because the activities of daily living would also constitute such a risk. Dr. Bailey's September 12, 2013 Deposition, Notes of Testimony (N.T.) at 37-40; Reproduced Record (R.R.) at 10a. Employer, however, is attempting to reweigh Dr. Bailey's testimony.

While it is true that Dr. Bailey acknowledged that Claimant could attempt part-time sedentary work and might be able to tolerate "three to four hours at most,"[9] the WCJ gave great weight to Dr. Bailey's "opinion that he would not release the Claimant to perform any level of work . . . ." F.F. No. 86. Noting Dr. Bailey's testimony that Claimant would be unable to perform sedentary tasks, the WCJ specifically found as follows:

> Dr. Bailey testified [that] her inorganic or non-organic signs do not change the fact that she is unable to tolerate a low demand job. . . . He thought part time work three to four hours at most would be something she may be

---

[8] A WCJ may accord more weight to the opinion of a treating physician. *D.P. "Herk" Zimmerman, Jr., Inc. v. Workmen's Comp. Appeal Bd. (Himes)*, 519 A.2d 1077, 1080 (Pa. Cmwlth. 1987).

[9] Dr. Bailey's September 12, 2013 Deposition, N.T. at 37; R.R. at 10a.

8

able to tolerate, but he has not made that recommendation to her.

*Id.*, No. 80. In that regard, the WCJ accepted Dr. Bailey's opinion regarding the jobs that Ms. Soyster had identified: "[A]s I recall reviewing them, I felt that that was wishful thinking at best, that she be able to do that."[10] *Id.*, No. 81.

Additionally, in rendering his opinions, Dr. Bailey noted that he had known claimant "for many, many years" and that "not just the physical, but the mental components of what this poor lady's been through for the past, we're looking at 20 years now[,]" must be taken into account. Dr. Bailey's September 12, 2013 Deposition, N.T. at 37; R.R. at 10a. In summarizing Claimant's status, he testified as follows: "[W]e're witnessing somebody who's had a series of surgeries, adjacent level problems, all emanating back from the initial injury where she had a disc herniation. It sounds like a recurrent disc herniation, subsequent fusion, where I picked up the ball in 2004." *Id.* at 28; R.R. at 7a.

Finally, we conclude that there is substantial, competent evidence to support the WCJ's decision. In that regard, the WCJ accepted Dr. Bailey's opinion that Claimant's condition had not improved to an extent such that she could perform work at any level. Considered in its totality and without taking any statements out of context, a reasonable mind would accept his testimony as adequate to support the conclusion that Claimant's work-related disability continues to prevent her from working even part-time sedentary positions. Mindful that "work-related disability, once established, is presumed to continue until proven otherwise,"[11] we conclude, therefore, that Employer did not establish a

---

[10] *Id.* at 38; R.R. at 10a.

[11] *Erisco Indus., Inc. v. Workers' Comp. Appeal Bd. (Luvine)*, 955 A.2d 1065, 1068 (Pa. Cmwlth. 2008).

basis for its petition for modification or suspension of Claimant's benefits via the testimony of her medical witness.

Accordingly, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

Judge Cohn Jubelirer did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Pennsylvania State University : 
and The PMA Insurance Group, : 
                                 Petitioners : 
            : 
                   v. :    No. 961 C.D. 2015
            : 
Workers' Compensation Appeal : 
Board (Hockenbury), : 
                        Respondent : 

# **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Workers'

Compensation Appeal Board is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge