# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Mahaffey, : 
         : 
        Petitioner : 
         : 
        v. : No. 206 C.D. 2017
         : Submitted: June 30, 2017
Workers' Compensation Appeal : 
Board (3B Pain Management : 
Center, PC), : 
         : 
        Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED:  August 8, 2017**

Anna Mahaffey (Claimant) petitions for review of the January 25, 2017 order of the Workers' Compensation Appeal Board (Board) that affirmed a March 24, 2016 decision and order of the Workers' Compensation Judge (WCJ). The WCJ concluded that Claimant had failed to establish that she suffered injuries to her hands that were causally related to her work as a massage therapist for 3B Pain Management Center, PC (Employer) and, in accordance with this conclusion, the WCJ denied and dismissed the Claim Petition filed by Claimant pursuant to the

Workers' Compensation Act[1] (Act). For the following reasons, we affirm the order of the Board.[2]

Before this Court, Claimant argues that the WCJ failed to issue a reasoned decision in support of the WCJ's denial and dismissal of Claimant's Claim Petition. *See* Section 422(a) of the Act, 77 P.S. § 834.[3] Claimant's

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] Our scope of review is limited to determining whether there has been a violation of constitutional rights, whether there has been an error of law, or whether necessary findings of fact are supported by substantial evidence. *Tri-Union Express v. Workers' Compensation Appeal Board (Hickle )*, 703 A.2d 558 (Pa. Cmwlth. 1997). In addition, where the question is properly before the court, our review extends to whether there has been a capricious disregard of material, competent evidence. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478 (Pa. 2002).

[3] Section 422(a) of the Act provides that:

> Neither the board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. **The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence.** Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834 (emphasis added).

argument is rooted in the WCJ's multiple references to the fact that Claimant's medical evidence consisted primarily of testimony from physicians with whom she sought treatment following the retention of an attorney. Claimant argues that the WCJ's repeated mention of the fact that Claimant was referred to her medical providers by her attorney, coupled with the absence of any statements recognizing that Employer's medical experts were retained solely to defend against the Claim Petition, reflects the WCJ's biased approach to the record and necessitates that this matter be reversed and remanded to a new fact-finder.

Section 422(a) of the Act, or the "reasoned decision" requirement, allows the Board in the first instance and the courts upon further appeal to conduct a meaningful review of a WCJ's determination by requiring the WCJ to make findings of fact, conclusions of law based upon the evidence as a whole, and to clearly state the reasoning that led to the WCJ's ultimate determination. 77 P.S. § 834. Section 422(a) of the Act does not alter the WCJ's quintessential function as the fact-finder or permit parties to challenge the WCJ's reasons for credibility determinations; rather, Section 422(a) requires that the WCJ provide some articulation of the objective basis for credibility determinations and the resolution of conflicting evidence. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1051 (Pa. 2003); *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006).

Where a claimant has filed a claim petition, the claimant has the burden of demonstrating that the claimant sustained an injury during the course of employment that caused the claimant to suffer a loss of earnings. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993);

3

*Joy Global, Inc. v. Workers' Compensation Appeal Board (Hogue)*, 876 A.2d 1098, 1102 (Pa. Cmwlth. 2005). In the instant matter, the WCJ found Claimant's testimony that she has pain, numbness, and locking in her fingers to be credible; however, the WCJ rejected both Claimant's testimony and the testimony of the medical experts offered by Claimant as not credible in establishing a causal link between the medical issues Claimant is experiencing and her job duties for Employer. (WCJ Decision, Findings of Fact (F.F.) ¶¶9-11, 14.)

The WCJ summarized the deposition testimony provided by Norman B. Stempler, D.O., a board-certified orthopedic surgeon, in support of the Claim Petition and found that Dr. Stempler's testimony was not credible. (*Id.*, F.F. ¶¶5, 10.) In finding that Dr. Stempler's testimony was not credible, the WCJ identified Dr. Stempler's lack of specialized knowledge, as contrasted with Andrew B. Sattel, M.D., a board-certified orthopedic surgeon with a sub-specialty in hand and upper extremities, who offered medical evidence that conflicted with the evidence given by Dr. Stempler. (*Id.*, F.F. ¶10.) In support of the determination that Dr. Stempler was not credible, the WCJ also identified Dr. Stempler's testimony that he did not refer Claimant to a hand specialist because of insurance issues as inconsistent with Dr. Stempler's testimony that he did refer Claimant to another physician for physical therapy and to an additional physician for injections. (*Id.*) Finally, the WCJ identified Claimant's admission that her attorney referred her to Dr. Stempler for treatment as an additional reason why the WCJ did not find Dr. Stempler's testimony credible. (*Id.*)

The WCJ also did not find credible the deposition testimony of Randall N. Smith, M.D., a board-certified orthopedic surgeon, which was

4

submitted into the record on behalf of Claimant. In making this credibility determination, the WCJ stated:

> This [WCJ] has reviewed and considered the entire deposition of Dr. Smith and finds him to be not credible. Dr. Smith's testimony that Claimant's neck and shoulder complaints stem from Claimant's trigger fingers and "altered mechanics" performing her job duties is not supported by objective medical evidence but his repeated assertion that it is "common sense." Despite his opinion that Claimant's condition in her hands is work-related, he also recommended a rheumatological workup. Dr. Smith also conceded that Claimant's condition should have benefited from not working with her hands, but then stated the opposite.

(*Id.*, ¶11.)

The WCJ also discussed why the opinions of the medical experts offered into evidence by Employer were credited. In regards to Dr. Sattel, the WCJ focused on his extensive experience treating trigger fingers and the underlying causes, and found that Dr. Sattel's "opinion as to causation is accepted over the opinions of Drs. Stempler and Smith given his superior medical credentials as a specialist in upper extremities." (*Id.*, ¶12.) Regarding, Gregory Pharo, D.O., a board-certified anesthesiologist with a sub-specialty in pain medicine, the WCJ found that Dr. Pharo "persuasively testified that the acute and progressive onset of trigger fingers indicates that the injuries are not due to Claimant's employment as a massage therapist. He is also persuasive that he found symptom magnification during his examination." (*Id.*, ¶13.)

As a whole, the WCJ's decision reflects a thorough review of the record and has satisfied the standard for a reasoned decision set by Section 422(a)

5

of the Act. The WCJ's opinion leaves no doubt as to why he determined Claimant's medical experts were not credible. Where a WCJ adequately reviews the evidence of record and sets forth an objective rationale for accepting and rejecting evidence, the decision will satisfy the reasoned decision requirement. *Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012). Moreover, contrary to Claimant's argument, the conclusion that the WCJ's decision is reasoned is not undermined by the WCJ's reference to the fact that Claimant was referred to the physicians who offered testimony in support of her Claim Petition by her attorney. A WCJ does not act arbitrarily or capriciously when including a physician's relationship with a claimant, history as a medical witness, length of time spent examining a claimant or timeliness of the examination in the WCJ's evaluation of the weight to be afforded to or credibility ascribed to medical evidence. *See, e.g., PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086, 1089 (Pa. Cmwlth. 1998) (holding that the WCJ did not err by considering the frequency with which employer's medical expert testified as a medical witness and the short duration the physician spent examining the claimant); *see also Daniels*, 828 A.2d at 1052.

This Court has consistently held that greater credence may be given to the testimony of a claimant's treating physician as opposed to a physician who merely examines a claimant for litigation purposes. *See, e.g., D.P. "Herk" Zimmerman, Jr., Inc. v. Workmen's Compensation Appeal Board (Himes)*, 519 A.2d 1077, 1080 (Pa. Cmwlth. 1987). However, contrary to the Claimant's argument here, it does not follow from this principle that because a medical expert may have examined a claimant and is offering testimony on behalf of a claimant

6

that the medical expert's opinion is automatically entitled to greater weight than the opinion offered by an employer's expert. In workers' compensation matters, both claimants and employers often need to utilize the services of physicians primarily to offer evidence to satisfy the burden allocated by the Act and, in such cases, neither expert's testimony is entitled to a presumption of greater weight. The presumption of greater weight a fact-finder *may* afford to a claimant's treating physician arises out of the relationship in existence between the claimant and the physician, rather than the circumstances under which that relationship was created or the mere fact that the expert is offering evidence on the claimant's behalf. For example, in *Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778 (Pa. Cmwlth. 2015), this Court concluded that although the relationship between the claimant and the medical expert arose because of workers' compensation litigation, the medical expert became the claimant's treating physician as he examined the claimant monthly following the initial visit and had begun monitoring the claimant's other unrelated health issues, and the claimant had requested that he become her primary physician. *Id*. at 789. In the instant matter, no such relationship existed between Claimant and any of the physicians offering expert testimony. In addition, Claimant's testimony made clear that she did have a primary care physician who she felt comfortable with but that she did not visit or seek a referral from this physician for her alleged work-related injury. (WCJ Decision, F.F. ¶4.) The WCJ's consideration of the circumstances surrounding the medical testimony as well as the content of the testimony itself does not render the WCJ's credibility determinations arbitrary or unworthy of deference. *Casne v. Workers' Compensation Appeal Board (Stat Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008) (credibility determinations

"represent the evaluation of a total package of testimony in the context of the record as a whole, and reflect subtle nuances of reasoning… even where a WCJ has based a credibility determination on a cold record, substantial deference is due").

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Mahaffey,           :
                                 :
            Petitioner        :
                                 :
                v.                : No. 206 C.D. 2017
                                 :
Workers' Compensation Appeal     :
Board (3B Pain Management        :
Center, PC),                      :
                                 :
            Respondent      :

# **O R D E R**

AND NOW, this 8th day of August, 2017, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**