Ambler Borough,                          :
                    Petitioner           :
                                         :
          v.                             :    No.  519 C.D. 2021
                                         :    Submitted:  February 4, 2022
Giuseppe Gullo (Workers'                 :
Compensation Appeal Board),              :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  March 28, 2022


        Ambler Borough (Employer) petitions for review of the May 6, 2021 Order
of the Workers' Compensation Appeal Board (Board), which affirmed the June 23,
2020 Decision of the Workers' Compensation Judge (WCJ) denying Employer's
Petition to Terminate Compensation Benefits (Termination Petition).   Employer
argues that the Board erred because:  (a) the WCJ denied its Termination Petition
based on incompetent testimony from Giuseppe Gullo's (Claimant) medical expert,
(b) the WCJ's findings relative to Employer's medical expert were not reasoned, (c)
the WCJ should have permitted it to present after-discovered evidence that Claimant
had a preexisting condition, and (d) litigation costs should not have been awarded

because the Termination Petition should have been granted. Upon review, we affirm the Order of the Board.

## I.    Background and Procedural History

On March 1, 2017, Claimant, an equipment operator, hit his head while preparing his street cleaning machine in the course of his employment with Employer. He sustained an injury in the nature of "cervical radiculopathy, mostly C6-C7, mostly on the right with symptoms down the left arm as well, neck pain, and limitation of range of motion . . . ." Reproduced Record (R.R.), at 23a; WCJ Decision, 6/23/2020, Finding of Fact (FOF) 2. On January 10, 2019, Employer filed its Termination Petition, alleging Claimant was fully recovered from the work injury as of December 14, 2018. FOF 1. The WCJ accepted evidence from both parties and held five hearings from February 13, 2019, to January 6, 2020.

The WCJ noted that she personally observed Claimant's testimony and found it to be credible based on his demeanor. The WCJ accepted Claimant's testimony that he had not fully recovered from his work injury and that, although the surgery performed by his doctor, board-certified orthopedic surgeon Harvey Smith, M.D., helped with his radicular symptoms, he continued to experience neck pain and reduced cervical range of motion. FOF 11a, 13.

The WCJ found that the testimony of Employer's medical expert, Ira Sachs, D.O.,[1] was not credible. The WCJ found Dr. Sachs not to be credible in his testimony that the surgery performed by Dr. Smith was unrelated to Claimant's work injury. FOF 14. The WCJ also found that Dr. Sachs' opinion that there was no reduction in

---

[1] Ira Sachs, D.O., is a board-certified surgeon who examined Claimant on December 14, 2018, and testified that Claimant was fully recovered from his work injury as of the date of the examination.

the range of motion of Claimant's cervical spine was contrary to the WCJ's observation of Claimant during his testimony. *Id*.

The WCJ found Dr. Smith to be credible when he testified that the surgery he performed on Claimant was related to the work injury and that the surgery relieved Claimant's symptoms. FOF 15. The WCJ also found Dr. Smith's testimony to be credible when he opined that Claimant had not fully recovered from his work injury and that Claimant is not capable of performing his pre-injury job. *Id*. The WCJ gave weight to the fact that Dr. Smith is Claimant's treating orthopedic surgeon and that he examined Claimant on several occasions. *Id*. The WCJ further determined that Dr. Smith's testimony regarding Claimant's post-surgery symptoms was consistent with Claimant's credited testimony. *Id*. The WCJ denied Employer's Termination Petition.

Employer appealed the WCJ's Decision and Order to the Board, raising the same issues it now raises before this Court. The Board opined, in part, as follows:

> [Employer] contends that a fundamental ramification of the WCJ's acceptance of the incompetent opinion of Dr. Smith is the expansion of the work injury to include spinal stenosis, spondylosis, [broad-]based protrusion and spinal pathology at multiple levels when WCJ [Joseph] McManus did not adjudicate[2] those as work-related. We disagree. Dr. Smith testified in detail as to his review of the medical records and as to his review of WCJ McManus's determination establishing the nature of the work injury. He opined that Claimant's surgery and restrictions were work-related. There is no indication that Dr. Smith made any false assumptions or that his opinions were solely predicated upon any inaccuracies so as to render them incompetent. [Employer's] attack on the WCJ's acceptance of Dr. Smith['s opinions] glosses over the fact that it had the burden of proof in this termination proceeding and the WCJ specifically rejected the opinion of Dr. Sachs

---

[2] WCJ McManus circulated a Decision and Order in this matter on October 31, 2018, in which he granted Claimant's Claim Petition for workers' compensation benefits and denied Employer's March 30, 2018 Termination Petition.

3

as to Claimant's full recovery. With its contentions, [Employer] is essentially asking us to reweigh the evidence, but questions of weight and credibility are for the fact finder.

[Employer] argues that the WCJ's treatment of Dr. Sachs' testimony violated the reasoned decision requirements of the [Workers' Compensation] Act [(Act)].[3] The fact that the WCJ denied relief is not a basis for determining that the Decision is not reasoned . . . . As the Decision contains necessary findings of fact and is capable of meaningful appellate review, we reject any contention that it is not reasoned. Section 422(a) [of the Act][4] does not permit a party to second guess the WCJ's reasons for credibility determinations.

Bd. Op., 5/6/2021, at 10-11 (internal citations omitted).

As to Employer's contention that the WCJ erred by refusing to allow it to present after-acquired evidence regarding Claimant's alleged preexisting cervical condition, the Board stated:

[Employer] argues that the WCJ erred in not permitting it to present after[-]discovered evidence in the form of diagnostic proof of Claimant's substantial pre[]existing cervical condition even though allowing it would not have resulted in undue delay or prejudiced Claimant. In this respect, [Employer] asserts that following the close of the evidentiary record it submitted a letter to the WCJ on April 6, 2020[,] asking to submit a portion of the testimony of Dr. Scott Rushton, taken in conjunction with a separate pending Suspension

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[4] Section 422(a) of the Act states, in pertinent part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence.

77 P.S. § 834.

Petition based on a job offer, in which Dr. Rushton explained that November 24, 2015 x-rays (obtained by [Employer] while arranging for Claimant's examination with Dr. Rushton) revealed substantial degenerative changes at multiple levels. [Employer] states that by memorandum of April 6, 2020[,] the WCJ denied its request and this was [in] error.

Section 426 of the Act, 77 P.S. § 871, [5] allows the Board to grant a rehearing in appropriate circumstances where the interests of justice require. Requests for remand are frequently analyzed using the same standards as requests for rehearing under the Act. A rehearing may be appropriate where after-acquired evidence can be produced or a party has not been given the opportunity to present its case, but not for the purposes of strengthening weak proofs.

[Employer] contends it was not able to obtain a copy of a November 24, 2015 cervical x-ray until arranging for an examination by Dr. Rushton in conjunction with its Suspension Petition and the WCJ should have allowed that small portion of Dr. Rushton's testimony referring to the results of that x-ray as evidence in the Termination Petition because it essentially would have caused no harm. We first point out that at the hearing of January 6, 2020, the WCJ stated that the hearing was for the Termination Petition . . . . She stated that on December 26, 2019, [Employer] filed a Suspension Petition and there was a discussion at the last hearing about the fact that [Employer] had requested a new examination and the results would not be used in conjunction with the litigation that was already pending, so the Suspension Petition was going to be kept separate. [Employer] does not dispute the WCJ's statement that the evidence utilized for the Suspension Petition was to be kept separate.

Further, [Employer's] implication is that the WCJ robbed it of the ability to establish that Claimant had cervical conditions prior to the March 1, 2017 work injury. [Employer's] argument is disingenuous given that it not only presented the testimony of Dr. Sachs as to his opinion of Claimant's work injury, recovery and pre[]existing conditions, but the WCJ also permitted it to present the deposition testimony from Drs. [Carol] Ludolph, [Richard] Bennett, and [Gene] Salkind, whose testimony was utilized in [the] previous litigation before WCJ McManus, which established the nature of [Claimant's] injury. They all testified as to MRI [Magnetic Resonance Imaging] and CT [Computerized Tomography] results and as to medical records pre-dating the work injury and the diagnoses contained therein. The fact that [Employer] later came into possession of a 2015 x-ray does not

---

[5] Section 426 was added by the Act of June 26, 1919, P.L. 642.

change the fact that the WCJ chose to reject the opinion of Dr. Sachs that as of the date of his examination on December 14, 2018, Claimant had fully recovered from his work injury. [Employer's] request is nothing more than an impermissible attempt to strengthen weak proofs, which does not merit relief.

Bd. Op., 5/6/2021, at 11-13 (internal citations omitted). The Board ultimately rejected Employer's argument that the award of litigation costs to Claimant should be reversed. Employer now petitions this Court for review.

## II.    Discussion

At the outset, we note that our review is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013). We also note that in order to prevail on a termination petition, an employer must prove, via competent medical evidence, that the claimant's disability has ceased and that he has made a full recovery from his work injury. *Benson v. Workmen's Comp. Appeal Bd. (Haverford State Hosp.)*, 668 A.2d 244 (Pa. Cmwlth. 1995). Thus, the burden of proof is on the employer to establish its right to relief.

The WCJ's role, as fact finder, is to assess credibility and to resolve conflicts in evidence; questions regarding the weight of the evidence and the credibility of the witnesses are for the WCJ to determine. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434 (Pa. 1992). The WCJ may accept or reject any medical witness's testimony, in whole or in part. *Hills Dep't Store No. 59 v. Workmen's Comp. Appeal Bd. (McMullen)*, 646 A.2d 1272 (Pa. Cmwlth. 1994). Greater credence may be given to the testimony of a claimant's treating physician than to the testimony of a specialist who examined the claimant only for the purpose of giving testimony for litigation purposes. *D.P. "Herk" Zimmerman,*

6

*Jr., Inc. v. Workmen's Comp. Appeal Bd. (Himes)*, 519 A.2d 1077 (Pa. Cmwlth. 1987).

Employer's first contention on appeal is that the WCJ accepted incompetent evidence from Claimant's medical expert. Employer argues that Claimant's medical expert "did not accept or defer to the adjudicated work injury description, but instead presumed to expand the work injury description . . . ." Employer's Br. at 31 (emphasis omitted). In addition, Employer suggests that Dr. Smith "addressed a multi-level stenosis condition at C3-C4, C4-C5 and C5-C6 levels – a stenosis condition that is not part of the compensable work injury at issue." Employer's Br. at 24 (emphasis omitted).

Dr. Smith, however, explained that Claimant had "significant compressions from a broad-based protrusion at C3-C4" and that "[a]t that level, there is impingement in the neural tissue which give[s] rise to the nerves that arise below, such as the C7 nerve." R.R. at 212a. Further, the WCJ found that Dr. Smith determined that "Claimant . . . had cervical radiculopathy, whether the terminal level was C5-C6 or C6-C7" and that "Claimant's symptomatic presentation was due to the work injury." FOF 11b. In addition, Dr. Smith noted that cervical radiculopathy does not always follow specific dermatomes,[6] testifying that "the cervical dermatomes are not set in stone for each patient, particularly with C6 and C7 nerves" and that "it's been shown[,] particularly with C6 and C7 nerves[,] that not everyone follows the same exam." *Id.* at 211a. When asked whether the surgery he performed on Claimant treated the condition acknowledged by WCJ McManus, Dr. Smith responded: "Yes." *Id.* at 210a.

---

[6] A dermatome is "an area of skin that is supplied with the nerve fibers of a single, posterior, spinal root." Dictionary.com, https://www.dictionary.com/browse/dermatome (last visited on March 25, 2022).

Thus, even though Dr. Smith offered a more comprehensive explanation of the nature of Claimant's work injury, he did not ignore or reject the adjudicated description of the injury in WCJ McManus's earlier decision. Accordingly, Dr. Smith's testimony is *competent* in this matter. Employer's contention relates, instead, to Dr. Smith's *credibility*, and the WCJ found the opinions of Dr. Smith to be credible. The WCJ also found the opinions of Employer's expert, Dr. Sachs, not to be credible when he opined that Claimant had fully recovered from his work injury. Such credibility determinations are left to the discretion of the WCJ, and as the Board noted, and we reiterate here, Employer's contention "glosses over the fact that it had the burden of proof in this termination proceeding and the WCJ specifically rejected the opinion of Dr. Sachs as to Claimant's full recovery." Bd. Op., 5/6/2021, at 10; R.R. at 28a-29a.

Employer's second contention on appeal is that the WCJ's Decision was not reasoned. However, the WCJ made clear findings, explained her reasons for determining whether particular testimony was credible, and provided the basis upon which she resolved conflicting evidence. Accordingly, the WCJ's Decision allows for meaningful appellate review, making it a reasoned decision pursuant to Section 422(a) of the Act. *See Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043 (Pa. 2003).

Employer next argues that the Board erred by affirming the WCJ's denial of its request to re-open the record so it could admit a portion of the transcript of the testimony from Dr. Rushton in which he explained that x-rays, from November 24, 2015, showed that Claimant had substantial degenerative changes at multiple levels.[7]

---

[7] This testimony and accompanying x-rays were related to a separate Petition for Suspension of Compensation Benefits (Suspension Petition) filed by Employer in December 2019. **(Footnote continued on next page…)**

However, Employer presented the testimony of four doctors, each of whom testified regarding the results from various imaging studies and medical records, including the diagnosis contained therein, predating the work injury. Bd. Op., 5/6/2021, at 13; R.R. at 50a. In addition, at the October 23, 2019 hearing before the WCJ in the present matter, Employer's counsel stated that he was provided with an x-ray study of Claimant's cervical spine, and the WCJ relisted the case for January 6, 2020. R.R. at 149a. On January 6, 2020, the WCJ closed the record, and Employer's counsel did not object or request to keep the record open to present any additional medical evidence. R.R. at 192a. Accordingly, we see no error in the Board's determination that affirmed the WCJ's decision to deny Employer's request to submit additional evidence after the record was closed. As the Board opined, and we agree, "[Employer's] request is nothing more than an impermissible attempt to strengthen weak proofs, which does not merit relief." Bd. Op., 5/6/21, at 13 (citing *Paxos v. Workmen's Comp. Appeal Bd. (Frankford-Quaker Grocery)*, 631 A.2d 826 (Pa. Cmwlth. 1993)).

Because the Termination Petition was properly denied, we do not address Employer's argument that the WCJ's award of litigation costs was inappropriate.

### III.    Conclusion

For the reasons set forth herein, and in accordance with our standard of review, we determine that the Board properly affirmed the WCJ. The WCJ's findings of fact were supported by substantial evidence. There was no legal error

---

The WCJ and the parties discussed the Suspension Petition at the last two hearings before the WCJ in the present matter and agreed that a new examination of Claimant, and the results of same, would not be utilized in the litigation relative to the Termination Petition, but that evidence in support of the Suspension Petition would be kept separate. Bd. Op., 5/6/2021, at 12; R.R. at 144a-53a, 155a-61a, 192a-96a.

9

nor abuse of discretion, and Claimant's constitutional rights were not violated.  Thus, we affirm the Order of the Board.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ambler Borough,           :
              Petitioner     :
                              :
        v.                    :    No.  519 C.D. 2021
                              :
Giuseppe Gullo (Workers'    :
Compensation Appeal Board),   :
              Respondent   :

# **O R D E R**

      **AND NOW**, this 28th day of March 2022, the May 6, 2021 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                _____
                                STACY WALLACE, Judge